## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### *[West Palm Beach Division]*
### www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO. 13-14292-PGH <br> Chapter 7 |
|     GO and GO, M.D., P.A., | |
|     Debtor(s). <br> _____/ | |
| NICOLE TESTA MEHDIPOUR, | |
|     Plaintiff, | **Adv. Proceeding No.: 15-01369-PGH** |
| v. | |
| BANK OF AMERICA CORPORATION, | |
|     Defendant(s). <br> _____/ | |

### DEFENDANT BANK OF AMERICA CORPORATION'S
### MOTION TO DISMISS CHAPTER 7 TRUSTEE'S ADVERSARY
### COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND TO
### RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Defendant Bank of America Corporation ("BAC"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7012(b), files this Motion to Dismiss Adversary Complaint to Avoid Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550 [ECF 1] ("Complaint") filed by the Chapter 7 Trustee, Nicole Testa Mehdipor ("Trustee"), and in support thereof states as follows:

### FACTUAL BACKGROUND

1.    This Adversary Proceeding was initiated on May 26, 2015, with the Trustee's filing of the Complaint.

CASE NO. 13-14292-PGH  
Chapter 7  
**Adv. Pro. No. 15-01369-PGH**

2.      The Complaint seeks to recover purported fraudulent transfers from BAC pursuant to various provisions of the United Stated Bankruptcy Code and Florida law.

3.      In the Complaint, the Trustee alleges that "Debtor made payments to [BAC]", which payments were "received by [BAC]" and "not used for the benefit of Debtor.  *See* Compl. ¶¶ 7-8.

4.      In support of the allegations made in the Complaint, the Trustee attaches Exhibit "A" to the Complaint, which is a list of the transfers which the Trustee seeks to recover.  In Exhibit "A", the transferee listed is not the Defendant BAC but "Bank of America Mortgage."

5.      Even assuming arguendo that Exhibit "A" did list BAC as the Transferee, BAC is a bank holding company that conducts business solely through its subsidiaries and therefore has never held accounts, issued loans, conducted other consumer banking business, such as collecting debts.  *See* attached documents from the Federal Reserve System Board of Governors marked Exhibit "A."[1]

6.      Therefore, BAC cannot be liable to the Trustee, or to anyone, for the conduct of its subsidiaries.  *Gillespie v. HSBC N. Am. Holdings, Inc.*, No. 5:05-cv-362-Oc-10GRJ, 2006 WL 2735135, at *5 (M.D. Fla. Sept. 25, 2006) ("a parent corporation is not liable for the acts of its subsidiary").

7.      Accordingly, the Trustee cannot recover from BAC under any theory and BAC must be dismissed as a party to this action.

---

[1] A court may take judicial notice, in a motion to dismiss, of matters of public record without converting the motion into a summary judgment motion.  *Halmos v. Bomardier Aerospace Corp.,* 404 Fed. Appx. 376, 377 (11th Cir. 2010). The document in Exhibit "A" is found in the public records of the Federal Reserve System, Board of Governors and its authenticity is not subject to questioning.

**LIEBLER, GONZALEZ & PORTUONDO**  
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

CASE NO. 13-14292-PGH
Chapter 7
**Adv. Pro. No. 15-01369-PGH**

## **BASIS FOR DISMISSAL**

To survive a motion to dismiss, a complaint must contain well-pleaded facts. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (U.S. 2007). As stated by the Supreme Court, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id*. at 1964; *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (specifying that "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief'") (quoting *Twombly*, 127 S. Ct. at 1966–67). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S. Ct. at 1966 (*citation omitted*). The Plaintiff has the "obligation to provide grounds of his entitlement to [the] relief [sought] which, labels and conclusions, and a formulaic recitation of the elements of a cause of action will not be." *Twonbly* at 555.

A complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Twombly*, 127 S. Ct. at 1966; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*affirming Tombly and clarifying stricter pleading requirement that now applies to all civil actions*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference <u>that the</u>

CASE NO. 13-14292-PGH<br>
Chapter 7<br>
**Adv. Pro. No. 15-01369-PGH**

defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (holding that the mere possibility of liability is insufficient to survive a motion to dismiss and that the court must determine whether the allegations in the plaintiff's complaint plausibly give rise to an entitlement to relief)(emphasis added). "To avoid dismissal for failure to state claim upon which relief may be granted, plaintiff cannot merely plead labels and conclusions and provide a formulaic recitation of a cause of action's elements; rather, plaintiff must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, 401 B.R. 629 (Bankr. S.D.NY. 2009)(*citations omitted*).

Here, the Trustee's claims against BAC fail in their entirety and the Complaint should be dismissed against it as the Trustee has failed to state a cause of action against BAC. As stated above, not only is BAC not listed as the Transferee in Exhibit "A" attached to the Complaint, BAC does not, and never has, issued loans, collected on a debt or conducted any other business other than through the operation of its subsidiaries. BAC only conducts its banking functions through its subsidiaries, which are separate and distinct legal entities. *Gillespie v. HSBC N. Am. Holdings, Inc.*, No. 5:05-cv-362-Oc-10GRJ, 2006 WL 2735135, at *5 (M.D. Fla. Sept. 25, 2006) ("a parent corporation is not liable for the acts of its subsidiary"). Accordingly, BAC cannot be liable to Trustee or to anyone for the conduct of its subsidiaries. It follows, then, that Trustee cannot recover from BAC under any theory and that BAC must be dismissed as a party to this action.

WHEREFORE Bank of America Corporation respectfully requests this Court enter an

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

CASE NO. 13-14292-PGH
Chapter 7
**Adv. Pro. No. 15-01369-PGH**

Order dismissing the Trustee's Complaint against it or for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        /s/ Laudy Luna Perez
        J. Randolph Liebler (FBN 507954)
        Email: jrl@lgplaw.com
        Laudy Luna (FBN 044544)
        Email: llp@lgplaw.com
        Liebler, Gonzalez & Portuondo
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        Tel: (305) 379-0400
        Fax: (305) 379-9626
        *Attorneys for Bank of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on 17th day of June 2015, a copy of the *Motion to Dismiss* was served via the Court's electronic case filing system on all of those parties receiving electronic notice in the above-referenced case and via U.S. Regular Mail to the following parties:

| | |
|---|---|
| *Plaintiff:* | *Counsel for Plaintiff:* |
| Nicole Testa Mehdipour | Michael Foster |
| c/o Kristopher Aungst, Esq. | Tripp Scott |
| 110 SE 6th St. 15 Floor | 110 S.E. Sixth Street |
| Fort Lauderdale, FL 33301 | Suite 1500 |
| | Fort Lauderdale, FL 33301 |

        /s/ Laudy Luna Perez
        LAUDY LUNA PEREZ