UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

GO AND GO, M.D., P.A.,

    Debtor.
_____/

Case No.: 13-14292-PGH

Chapter 7

NICOLE TESTA MEHDIPOUR,
Chapter 7 Trustee,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

Adv. Proc. No. 15-01369-PGH

**AMENDED ADVERSARY COMPLAINT TO AVOID FRAUDULENT TRANSFERS
AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

    NICOLE TESTA MEHDIPOUR, as the Chapter 7 Trustee for the bankruptcy estate of In re Go and Go, M.D., P.A. ("Trustee" or "Plaintiff"), pursuant to 11 U.S.C. §§ 544, 548, and 550, and Fla. Stat. §§ 726.105 and 726.106 sues Defendant, BANK OF AMERICA, N.A. ("Defendant"), to avoid and recover fraudulent transfers.

**JURISDICTION**

    1.    This adversary proceeding is brought to recover fraudulent transfers pursuant to Sections 544, 548, and 550 of the Bankruptcy Code, and Sections 726.105 and 726.106 of the Florida Statutes.

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(H).

## PARTIES AND PROCEDURAL BACKGROUND

3. On February 26, 2013 ("Petition Date"), Go and Go, M.D., P.A. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Unites States Bankruptcy Code, 11 U.S.C. 101-1532, *Case No. 9:13-bk-14292* (the "Bankruptcy Case"). [ECF No. 1].

4. On April 23, 2013, the Court entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7. [ECF No. 58].

5. On April 24, 2013, Plaintiff, Nicole Testa Mehdipour, was appointed as the Chapter 7 Trustee for the bankruptcy estate of In re Go and Go, M.D., P.A. [ECF No. 59]. In this capacity, Plaintiff is empowered to commence this lawsuit against Defendant.

6. Defendant is a federally chartered national banking association with its principal place of business located at 100 N. Tryon Street, Charlotte, North Carolina 28255.

7. Prior to the Petition Date, Debtor made payments to Defendant totaling $120,434.43 (the "Payments").

8. The Payments received by Defendant were not used for the benefit of Debtor. Therefore, Debtor did not receive reasonably equivalent value for the Payments that were transferred to Defendant.

9. During the pendency of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, and/or (iv) additional

defendants that may become known and to request that the Amendments relate back to this original Complaint.

## COUNT I – AVOIDANCE OF FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE

10. Plaintiff realleges the allegations contained in paragraphs 1 through 9, and incorporates those allegations by reference.

11. On or within two years of the Petition Date, that is between February 26, 2011, and February 26, 2013, Debtor made transfers of property by checks, cashier checks, wire transfers, or otherwise (the "Two-Year Transfers") to Defendant as detailed in **Exhibit A** attached hereto, which contains: (i) Defendant's identity, (ii) the account number from which the payment was made to Defendant, (iii) a list of each payment received by Defendant from Debtor during the applicable time frame, (iv) the amount and date of each payment received, and (v) the date each payment cleared the bank.

12. Debtor made the Two-Year Transfers to Defendant with the actual intent to hinder, delay, or defraud an entity to which Debtor was or became, on or after the date such transfers were made, indebted.

**WHEREFORE,** Plaintiff respectfully requests the Court enter a Judgment:

    a. Declaring the Two-Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code;

    b. Disallowing any claim that Defendant may have against Debtor until such time as Defendant repays the Two-Year Transfers pursuant to 11 U.S.C. § 502(d);

    c. Avoiding the Two-Year Transfers made to Defendant as fraudulent transfers in violation of 548(a)(1)(A) of the Bankruptcy Code;

   d. Requiring Defendant to repay the Two-Year Transfers to Plaintiff; and

   e. Granting such other and further relief as may be just and proper.

## COUNT II – AVOIDANCE OF FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

13. Plaintiff realleges the allegations contained in paragraphs 1 through 9, and incorporates those allegations by reference.

14. Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

15. The fair market value of Debtor's assets was much less than the total amount of the debts it owed, as set forth in the various reports and schedules filed by Debtor in the Bankruptcy Case. Therefore, Debtor was insolvent at the time the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers.

16. Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital.

17. Alternatively, Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

   **WHEREFORE,** Plaintiff respectfully requests the Court enter a Judgment:

   a. Declaring the Two-Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code;

   b. Disallowing any claim that Defendant may have against Debtor until such time as Defendant repays the Two –Year Transfers pursuant to 11 U.S.C. § 502(d);

    **c.** Avoiding the Two-Year Transfers made to Defendant as fraudulent transfers in violation of 548(a)(1)(B) of the Bankruptcy Code;

    **d.** Requiring Defendant to repay the Two-Year Transfers to Plaintiff; and

    **e.** Granting such other and further relief as may be just and proper.

**COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(A) OF THE FLORIDA STATUTES**

18. Plaintiff realleges the allegations contained in paragraphs 1 through 9, and incorporates those allegations by reference.

19. On or within four years of the Petition Date, that is between February 26, 2009, and February 26, 2013, Debtor made transfers of property by checks, cashier checks, wire transfers, or otherwise (the "Four-Year Transfers"), to Defendant as detailed in **Exhibit A** attached hereto, which contains: (i) Defendant's identity, (ii) the account number from which the payment was made to Defendant, (iii) a list of each payment received by Defendant from Debtor during the applicable time frame, (iv) the amount and date of each payment received, and (v) the date each payment cleared the bank.

20. The Four-Year Transfers were made by Debtor with the actual intent to hinder, delay, or defraud a creditor of Debtor.

21. At the time of each transfer reflected on Exhibit A there existed at least one actual creditor of Debtor that was harmed by the transfer.

22. The Four-Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statutes.

**WHEREFORE,** Plaintiff respectfully requests the Court enter a Judgment:

    **a.** Declaring the Four-Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(a) of the Florida Statutes;

    **b.** Disallowing any claim that Defendant may have against Debtor until such time as Defendant repays the Four-Year Transfers pursuant to 11 U.S.C. § 502(d);

    **c.** Avoiding the Four-Year Transfers as fraudulent transfers in violation of Section 726.105(1)(a) of the Florida Statutes;

    **d.** Requiring Defendant to repay the Four-Year Transfers to Plaintiff; and

    **e.** Granting such other and further relief as may be just and proper.

### COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(B) OF THE FLORIDA STATUTES

23. Plaintiff realleges the allegations contained in paragraphs 1 through 9, and incorporates those allegations by reference.

24. Within the four year period preceding the Petition Date, Debtor made transfers of property to Defendant as reflected on Exhibit A.

25. Debtor made the transfers described in Exhibit A without receiving reasonably equivalent value in exchange.

26. Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to its business or transaction.

27. Alternatively, Debtor intended to incur, or believed it would incur, debts that would be beyond Debtor's ability to pay as they became due.

28. At the time of each transfer reflected on Exhibit A at least one actual creditor of Debtor that was harmed by the transfer.

**WHEREFORE,** Plaintiff respectfully requests the Court enter a Judgment:

a. Declaring the Four-Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(b) of the Florida Statutes;

b. Disallowing any claim that Defendant may have against Debtor until such time as Defendant repays the Four-Year Transfers pursuant to 11 U.S.C. § 502(d);

c. Avoiding the Four-Year Transfers as fraudulent transfers in violation of Section 726.105(1)(b) of the Florida Statutes;

d. Requiring Defendant to repay the Four-Year Transfers to Plaintiff; and

e. Granting such other and further relief as may be just and proper.

### COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES

29. Plaintiff realleges the allegations contained in paragraphs 1 through 9, and incorporates those allegations by reference.

30. Debtor made the Four-Year Transfers referenced on the attached Exhibit A without receiving reasonably equivalent value in exchange for the Transfers.

31. Inasmuch as on the date of each of the Four-Year Transfers, the fair value of Debtor's assets was much less than the total amount of the debts it owed, as set forth in detail in *Summary of Schedules* filed by Debtor in the Bankruptcy Case. [ECF No. 34]. Therefore, Debtor was insolvent at the time the Four-Year Transfers were made or became insolvent as a result of the Four-Year Transfers.

32. At the time of each transfer reflected on Exhibit A there existed at least one actual creditor of Debtor that was harmed by the transfer.

**WHEREFORE,** Plaintiff respectfully requests the Court enter a Judgment:

a. Declaring the Four-Year Transfers to have been fraudulent transfers pursuant to Section 726.106(1) of the Florida Statutes;

b. Disallowing any claim that Defendant may have against Debtor until such time as Defendant repays the Four-Year Transfers pursuant to 11 U.S.C. § 502(d);

c. Avoiding the Four-Year Transfers as fraudulent transfers in violation of Section 726.106(1) of the Florida Statutes;

d. Requiring Defendant to repay the Four-Year Transfers to Plaintiff; and

e. Granting such other and further relief as may be just and proper.

### COUNT VI – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

33. Plaintiff realleges the allegations contained in paragraphs 1 through 9, and incorporates those allegations by reference.

34. The Two-Year Transfers and the Four-Year Transfers (collectively, the "Transfers") are avoidable pursuant to Sections 544 and 548 of the Bankruptcy Code and, as a result, the Transfers are recoverable by Plaintiff pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter a monetary judgment against Defendant for the amount of the avoided Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

b. Disallowing any claim that Defendant may have against Debtor until such time as Defendant repays the Transfers pursuant to 11 U.S.C. § 502(d); and

c. Granting such other and further relief as may be just and proper.

Dated: July 1, 2015.

        **TRIPP SCOTT, P.A.**
*Counsel for Chapter 7 Trustee*
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Florida 33301
Telephone:    (954) 525-7500
Facsimile:    (954) 761-8475

By: /s/ *Kristopher E. Aungst*
    Kristopher E. Aungst, Esq.
    Florida Bar No. 0055348
    kea@trippscott.com
    Michael C. Foster, Esq.
    Florida Bar No. 0042765
    mcf@trippscott.com

**SERVICE LIST**

**15-01369-PGH Notice will be electronically mailed to:**

Michael C. Foster on behalf of Plaintiff Nicole Testa Mehdipour
mcf@trippscott.com, iah@trippscott.com

Kristopher E. Aungst on behalf of Plaintiff Nicole Testa Mehdipour
kea@trippscott.com; lxc@trippscott.com

James B. Flanigan on behalf of Plaintiff Nicole Testa Mehdipour
jbf@trippscott.com; lxc@trippscott.com

Laudy Luna on behalf of Defendant Bank of America
ll@lgplaw.com

**15-01369-PGH Notice will not be electronically mailed to:**

**EXHIBIT A**

| Bank ID/Last 4 of Acct. Number | Bank Type | Transferor | Transferee / Account Info | Check # | Check Date | Clear Date | Amount |
|---|---|---|---|---|---|---|---:|
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 2773 | 10/01/09 | 10/14/09 | 3,056.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 2854 | 11/10/09 | 11/12/09 | 3,056.51 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 2974 | 12/13/09 | 12/15/09 | 2,735.97 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3120 | 01/13/10 | 01/14/10 | 2,735.97 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3161 | 01/25/10 | 02/08/10 | 2,735.97 |
| KEY-2166 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 1011 | 03/03/10 | 03/04/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3360 | 04/01/10 | 04/06/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3464 | 05/18/10 | 05/20/10 | 4,840.20 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3519 | 06/07/10 | 06/11/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3566 | 06/27/10 | 07/01/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3585 | 07/19/10 | 07/23/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3726 | 08/23/10 | 08/26/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3776 | 09/26/10 | 09/30/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3865 | 11/01/10 | 11/03/10 | 4,703.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 3908 | 11/30/10 | 12/10/10 | 4,682.76 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 03/11/11 | 03/11/11 | 6,220.56 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 04/08/11 | 04/08/11 | 3,246.05 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 05/04/11 | 05/04/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 06/10/11 | 06/10/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 07/12/11 | 07/12/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 07/12/11 | 07/12/11 | 6.00 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 08/08/11 | 08/08/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 08/31/11 | 08/31/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 10/04/11 | 10/04/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 11/10/11 | 11/10/11 | 3,432.50 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 12/15/11 | 12/15/11 | 3,413.40 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 12/15/11 | 12/15/11 | 6.00 |
| TD-2523 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 4772 | 03/23/12 | 03/26/12 | 3,584.10 |
| REG-9654 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | 110 | 10/12/12 | 10/15/12 | 14,875.64 |
| REG-9654 | Checking | Go and Go MD PA | Bank of America N.A - #2401 | Withdrawal | 01/04/13 | 01/04/13 | 3,584.10 |
| | | | **Total** | | | | $ 120,434.43 |